## FREEMAN *v.* MCKAY.

FISH, C. J. The action is by the lessor against the lessee for the cancellation of two leases to the oil and gas which may be in or under certain described lands in Early county, this State. The ground stated in the petition for the relief prayed is alleged fraud practiced upon the lessor by the agent of the lessee in procuring the leases. The petition alleges, in brief, that the plaintiff had no knowledge of what should be embraced in leases for oil and mineral deposits under land, or the prices and conditions upon which they should be executed, and so informed the defendant's agent, and stated that he would have to rely upon the agent's representations as to such matters; that the agent represented to the plaintiff that the terms of the leases which plaintiff executed "were in accordance with what was usual in such cases, and were in every respect reasonable;" that these statements were knowingly false, "for that it was provided in each of said leases . . that the said defendant is to have, under said leases, the rights in the described lands conveyed for the term of twenty years from the date of the leases, and as much longer as the premises are being drilled or operated for the production of oil, with the right in the grantor to declare a forfeiture unless 'one producing well shall have been completed on the premises described in such lease within two years of the date' of said lease, or unless the grantee should pay a rental of ten cents per acre per year, payable quarterly in advance, so that, under the terms of said leases, the grantee therein could perpetuate the same for twenty years upon the payment of the mere pittance of ten cents per acre per year;" that this stipulation is not usual and reasonable in such cases, as plaintiff has learned since the execution of the leases. The petition alleges and the leases show that the plaintiff should receive a given percentage of the oil produced. The leases were dated April 24, 1917, and the petition to cancel them was filed on October 1, 1917. The action was dismissed on demurrer, and the plaintiff excepted. *Held:*

The terms, stipulations, and conditions of the leases are clear, certain, and
44

unambiguous; there is no suggestion that the plaintiff is not a man of ordinary intelligence, able to read and fully understand all the terms of the leases, which appear to have no purely technical mea..ing as applied to oil leases; nor was he confronted with any sudden emergency which threw him off his guard; nor was there any trick, artifice, or deception on the part of the defendant's agent, whereby plaintiff was precluded from investigating the agent's representations, or whereby plaintiff was induced to execute the leases without fully acquainting himself by consideration, or advice of others, with their contents, purport, legal and practical meaning and effect. It does not appear that any stipulation between the parties was inadvertently or fraudulently omitted, or that any unintentional provision was inserted through fraud, accident, or mistake. In view of these facts, and of many decisions of this court under like circumstances, it was not error to sustain the general demurrer to the petition.   *Judgment affirmed.   All the Justices concur.*

No. 812.   FEBRUARY 12, 1919.

Equitable petition.   Before Judge Worrill.   Early superior court. January 5, 1918.

*L. M. Rambo,* for plaintiff.   *Glessner & Collins,* for defendant.